FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINE S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY[1], <br><br> Defendant. | No. 1:18-CV-03208-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 11, 13. Attorney D. James Tree represents Kristine S. (Plaintiff); Special Assistant United States Attorney Jeffrey Eric Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on October 24, 2012, alleging disability since October 19, 2012, due to fibromyalgia, depression, arthritis, anxiety, irritable bowel syndrome, chronic fatigue syndrome, and PTSD. Tr. 55. The application was denied initially and upon reconsideration. Tr. 91-93, 95-99. Administrative Law Judge (ALJ) Virginia Robinson held a hearing on December 14, 2015, Tr. 39-54, and issued an unfavorable decision on April 11, 2016. Tr. 23-32. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 198-200. The Appeals Council granted the request for review and issued an amended unfavorable decision on August 23, 2018. Tr. 1-7. The Appeals Council decision was the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 26, 2018. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1982 and was 30 years old as of her alleged onset date. Tr. 30. When she was nine years old, her father murdered her mother in the midst of a custody dispute, and Plaintiff was thereafter raised in foster care. Tr. 299, 318, 361, 399. Plaintiff completed high school, obtained a Bachelor's degree in Human Development, and took some courses toward an MBA. Tr. 361, 400. She held a series of odd jobs over the years. Tr. 272. In 2008 she was diagnosed with fibromyalgia. Following the loss of her job and the high cost of medical treatments, she became homeless and had to live with friends and family for two years. Tr. 299. At the time of her hearing she was living with her aunt in England. Tr. 41, 169, 299.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant

cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 11, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 23-32. The Appeals Council reviewed the ALJ's decision in order to correct the Date Last Insured. Tr. 5. The unfavorable decision issued by the Appeals Council otherwise adopted the ALJ's findings with respect to all five steps of the sequential evaluation process. Tr. 4.

At step one, the Commissioner found Plaintiff had not engaged in substantial gainful activity since October 19, 2012, the alleged onset date. Tr. 5, 25.

At step two, the Commissioner determined Plaintiff had the following severe impairments: fibromyalgia, sciatica and/or minor thoracic spine spondylitic changes, affective disorders variously diagnosed as depressive and bipolar disorder, and anxiety disorders variously diagnosed as anxiety and PTSD. Tr. 4-5, 25.

At step three, the Commissioner found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 5-6, 26-27.

The Commissioner assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a range of light work, with the following limitations:

> She could lift or carry up to 20 pounds occasionally and up to 10 pounds frequently. She could stand or walk for approximately four

hours and sit for approximately six hours per eight-hour workday with normal breaks. She could frequently climb ramps, stairs, ladders, ropes, and scaffolds. She could frequently balance, stoop, kneel, crouch, and crawl. She could frequently handle and finger. She had to avoid concentrated exposure to extreme cold, extreme heat, and excessive vibration. She had to avoid exposure to workplace hazards such as dangerous machinery and unprotected heights. She was limited to simple, routine tasks in a routine work environment with only superficial interaction with coworkers and the public (superficial means that she could have been around coworkers and the public and that she could have given change and answered a question, but she could not have been responsible for teamwork projects or problem solving for customers as would have existed in a complaint department.

Tr. 6, 27.

At step four, the Commissioner found Plaintiff was capable of performing her past relevant work as a cashier. Tr. 6, 30.

The Commissioner made alternative step five findings, determining that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could have performed, specifically identifying the representative occupations of outside deliverer and storage facility rental clerk. Tr. 6, 31. The ALJ also found that, even if Plaintiff was further limited to sedentary work, there were jobs she could perform, including escort vehicle driver, document preparer, and toy stuffer. Tr. 31-32.

The Commissioner thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time through March 31, 2015, the date last insured. Tr. 6.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly considering Plaintiff's impairments at step three; (2) improperly discounting Plaintiff's symptom allegations; and (3) improperly weighing the opinion evidence.

## DISCUSSION

**1. Plaintiff's subjective allegations**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 11 at 7-15.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 28. The ALJ found (1) Plaintiff had previously worked with her conditions and the record did

not reflect any significant change around the alleged onset date; (2) she responded well to treatments; (3) she declined to see a social worker regarding employability and retraining; (4) a consultative physical examiner found her capable of modified light work; and (5) her mental status exams were largely unremarkable. Tr. 28-29. The Appeals Council adopted the ALJ's rationale in finding Plaintiff's allegations to not be "consistent with or supported by the evidence of record." Tr. 6.

Plaintiff argues the ALJ's discussion was not sufficiently specific, and that the few factors the ALJ did point to failed to satisfy the clear and convincing standard. ECF No. 11 at 8-15.

Defendant argues that, because the record contains affirmative evidence of malingering, the clear and convincing standard does not apply and the ALJ was "not required to conduct any further analysis of the credibility of Plaintiff's allegations." ECF No 13 at 3-4.

*a. Malingering*

Dr. Hasse Leonard-Page conducted a consultative psychological exam in October 2013, and offered diagnoses of malingering and rule-out PTSD. Tr. 362. He explained: "Given the unusual cluster of symptoms, it appears that this Claimant may be presenting with symptoms that are not all real or do not meet a clear diagnosis for a mental disorder." *Id.*

The Court finds this single statement to be insufficient to constitute affirmative evidence of malingering. In the first place, the ALJ did not find malingering to be a medically determinable impairment. Tr. 25-26. Dr. Leonard-Page noted that his evaluation was limited in scope, and he recommended further testing be done. Tr. 362. He also indicated that Plaintiff was cooperative with the evaluation and was able to provide her best effort throughout the session. Tr. 363. It is therefore unclear what the basis for the malingering diagnosis was.

Secondly, no other medical source indicated any suspicion of malingering, and when further testing was performed by Dr. Franklin and Ms. Childs in January

2014, they reached the conclusion that Plaintiff put adequate effort into testing and the assessment results appeared to be a valid representation of her functioning. Tr. 401. When the state agency analysts reviewed Dr. Leonard-Page's opinion, they concluded the diagnosis of malingering was "poorly supported by evidence and solely based on how [Plaintiff] was holding her back and complaining of pain." Tr. 65. They went on to note: "Though [Plaintiff] may have more significant subjective complaints compared to objective findings, she was fully cooperative and there is no evidence of direct exaggeration of [symptoms] on exam or anywhere else in the [medical evidence of record]." *Id.*

Finally, the ALJ did not find Dr. Leonard-Page's opinion to constitute affirmative evidence of malingering. Such an explicit finding is not required for the clear and convincing standard to be vitiated. *Carmickle v. Comm'r Social Sec. Admin*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Schow v. Astrue*, 272 Fed. Appx. 647, 651 (9th Cir. 2008). However, the fact that the ALJ did not rely on Dr. Leonard-Page's finding of malingering in addressing the reliability of Plaintiff's statements, and instead offered other reasons for discrediting her, indicates to the Court that the ALJ did not intend to find Plaintiff unreliable because of malingering. We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). The Court finds Dr. Leonard-Page's diagnosis does not constitute affirmative evidence of malingering, and thus the ALJ was required to offer clear and convincing reasons for discounting Plaintiff's statements.

  b. *Past work and alleged onset of disability*

Turning to the ALJ's proffered reasons, the mere fact that Plaintiff did not experience any dramatic change in her condition on the day she alleged onset of her disability is not a clear and convincing reason to disregard her allegations. Fibromyalgia is not a condition of traumatic onset and lacks the same objective

signs that many other physical conditions display; because of this, and the waxing and waning nature of the condition, ALJs must consider the longitudinal record whenever possible. *See generally*, *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587 (9th Cir. 2004); Social Security Ruling 12-2p. In cases of nontraumatic origin, the ALJ must consider factors such as when the claimant stopped working, because "the day the impairment caused the individual to stop work is frequently of great significance." Social Security Ruling 83-20.[2]

Notably, though Plaintiff worked after her diagnosis in 2008, her certified earnings record indicates a significant drop-off in earnings following the diagnosis. Tr. 221. The ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date, though she did have a few work attempts. Tr. 25. This is consistent with her report that she would sometimes feel better, attempt to work, and then experience an exacerbation of her condition and lose her job. Tr. 400. She also reported having accommodations for her condition in attempts to remain employable, including various ergonomic solutions and extra breaks for stretching and laying down. Tr. 296-97. The fact that she had no specific change in her condition as of her alleged onset date does not diminish her subjective statements.

   c. *Response to treatment*

The ALJ noted Plaintiff's condition "responded well to acupuncture and cranio-sacral treatment." Tr. 28. Evidence of improvement in a claimant's condition must be read in context of the entire record. "It is error to reject a

---

[2] This Ruling has since been rescinded, but was in effect at the time of the ALJ decision and the Appeals Council's decision. The replacement Ruling, SSR 18-1p, continues to encourage ALJs to consider when the claimant stopped working in establishing an onset date.

claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

While there are indicators that Plaintiff responded well to some treatments, the record does not reflect sustained improvement. For example, in October 2013 Plaintiff reported she had received good relief from massage and acupuncture, but she was unable to continue the treatments due to lack of money. Tr. 356. Following physical therapy and acupuncture in the summer and fall of 2014 she reported improvement and an entire week without pain. Tr. 548. However, the following week she was experiencing a flare up of her pain. Tr. 547. Several weeks later her pain was noted as "under control" (Tr. 544) but four days later she had low back pain and right-side sciatica, with tenderness to palpation and decreased range of motion. Tr. 541. "While ALJs obviously must rely on examples to show why they do not believe that a claimant is credible, the data points they choose must *in fact* constitute examples of a broader development to satisfy the applicable 'clear and convincing' standard." *Garrision*, 759 F.3d at 1018. The longitudinal record does not support the ALJ's implication that Plaintiff's subjective allegations were unreliable due to improvement with treatment.

      *d. Declining social work services*

The ALJ noted in her rejection of Plaintiff's allegations that she "declined to see a social worker regarding employability issues and training toward less physical work." Tr. 28. The ALJ failed to explain how this fact detracted from Plaintiff's allegations. It therefore does not constitute a clear and convincing reason.

Furthermore, the record indicates that Plaintiff did meet with the social worker at some point. While the record does not contain notes from her appointment with the social worker, notes from Dr. Glines indicate he reviewed records from the LCSW, and that Plaintiff declined another session with the social worker because she was already scheduled to follow up with a psychiatrist. Tr. 326-27. Therefore, the ALJ's conclusion that Plaintiff declined to see a social worker, regardless of its relevance to Plaintiff's reliability, does not appear to be correct.

*e. Objective evidence*

To the extent the ALJ indicates Plaintiff's allegations are not supported by the objective evidence, including the consultative exam findings and the mental status exams, this alone is an insufficient basis upon which to reject her statements. *Reddick*, 157 F.3d at 722. Because none of the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, the lack of objective findings is not a sufficient rationale.

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony. The ALJ shall reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

**2. Medical opinion evidence**

Plaintiff argues the ALJ erred in her evaluation of the medical opinion evidence, giving insufficient reasons for disregarding PA Geare and the consultative exam from Dr. Franklin and MS Childs. ECF No. 11 at 16-20. Plaintiff also argues the ALJ erred in failing to discuss the opinion from Dr. Saffron. *Id.* at 16.

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons, and when a treating physician's opinion is contradicted by another

physician, the ALJ is only required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The same standards apply to an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). An ALJ may discount the opinion of an "other source," such as a nurse practitioner or physician's assistant, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ offered many of the same reasons for discounting the medical opinions as she did for discounting Plaintiff's subjective complaints that the Court has found insufficient and unsupported by substantial evidence. As this claim is being remanded for further proceedings on that basis, the ALJ will also reconsider the rejected opinions from Mr. Geare and Dr. Franklin and Ms. Childs.

The ALJ did not address the work release form completed by Dr. Saffron when Plaintiff went off her psychiatric medication due to pregnancy. Tr. 506-08. Defendant argues the ALJ was not required to address this opinion because it was temporary and limited to the length of the pregnancy. ECF No. 13 at 4. However, Dr. Saffron's opinion states the opinion was for 12 months "or until Ms. Shaw stops nursing her newborn." Tr. 507. On remand, the ALJ will reconsider this opinion, and evaluate its probative value, including whether the conditions described by Dr. Saffron existed for a sufficient length of time to meet the duration requirement.

**3.     Step three findings**

Plaintiff argues the ALJ and the Appeals Council failed to properly review or explain the basis for their findings regarding the Listings at step three. ECF No. 11 at 5-7. Specifically, Plaintiff asserts the Appeals Council failed to explain the basis for its paragraph B findings and failed to discuss paragraph C at all, and that both the Appeals Council and the ALJ failed to specifically discuss the evidence in finding Plaintiff's fibromyalgia did not equal the requirements of Listing 14.09D. *Id.*

A claimant is considered disabled at step three when her impairment meets the durational requirement and her impairment meets or equals a listed impairment in Appendix 1. 20 C.F.R. § 404.1520(d). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). However, the ALJ is not required to state why a claimant fails to satisfy every criteria of the listing if they adequately summarize and evaluate the evidence. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990); *Lewis*, 236 F.3d at 512.

At step three the ALJ found Plaintiff's conditions did not meet or medically equal Listing 14.09, 12.04, or 12.06. Tr. 26-27. The ALJ discussed the requirements of Listing 14.09D and found they were not present in the file. Tr. 26. The ALJ also made findings regarding the requirements of Listing 12.00 and the relevant "B criteria" and "C criteria," finding neither to be satisfied. Tr. 26-27. The Appeals Council acknowledged that the "paragraph B" criteria changed in the time between the ALJ's decision and the Appeals Council's review, and thus made new findings regarding the degree of limitation in the new categories. Tr. 5. The Appeals Council adopted the ALJ's finding that Plaintiff's conditions did not meet or equal any listing. Tr. 5-6.

Plaintiff has failed to show that the ALJ or the Appeals Council erred in the evaluation of the evidence. The ALJ discussed each of the B criteria and the evidence she relied on in reaching the ratings in the various categories. Tr. 26.

The Appeals Council made the revised paragraph B findings "in light of . . . the 'Paragraph B' assessments found by the Administrative Law Judge." Tr. 5. Plaintiff assigns error to the Commissioner's failure to offer a more detailed explanation, but points to no evidence to indicate the findings were wrong, and does not assert any theory for how the evidence indicates the 12.00 listings are met or equaled. The Court finds the ALJ and Appeals Council findings are supported by substantial evidence.

With respect to Listing 14.09D, Plaintiff asserts the ALJ erred in failing to specifically discuss the evidence comparing Plaintiff's fibromyalgia to the listing. ECF No. 11 at 6-7. Plaintiff points to the existence of fatigue and unintentional weight loss, along with marked limitation in concentration, persistence, and pace as evidence that Plaintiff's condition meets the listing. *Id.* The Commissioner's finding that Plaintiff does not have marked limitations in concentration, persistence, or pace is supported by substantial evidence. Plaintiff's citation to fatigue and unintentional weight loss at Tr. 583 reflects only Plaintiff's reports to her treating provider regarding her original diagnosis of fibromyalgia years earlier. Tr. 583. The record does not reflect other reports of unintentional weight loss. Plaintiff has failed to set forth a cogent argument that her conditions meet or equal this listing, or did so for a twelve-month period. The Commissioner did not err in the step three analysis.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects.

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints, reassess the medical evidence, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 4, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE