FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINE S., | No. 1:18-CV-03208-JTR |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are Defendant's Motion to Alter Judgment under Fed. R. Civ. P. 59(e) and Plaintiff's Response to Defendant's Motion. ECF No. 17, 18. After reviewing the arguments filed by the parties, the Court **DENIES** Defendant's Motion.

## BACKGROUND

Plaintiff filed a civil action in this Court on October 26, 2018, following Defendant's denial of her application for Disability Insurance Benefits. ECF No. 1. Following briefing by the parties, this Court issued an Order and Judgment on February 4, 2020, remanding the claim for further proceedings based on the ALJ's failure to offer clear and convincing reasons for discounting Plaintiff's subjective symptom complaints. ECF No. 15, 16. On February 7, 2020, Defendant filed a

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

Motion to Alter Judgment, asserting the Court committed a clear error of law in finding the record did not contain affirmative evidence of malingering. ECF No. 17.

## STANDARD

Federal Rule of Civil Procedure 59(e) allows a party, within 28 days after the entry of judgment, to file a motion to alter or amend the judgment. FED. R. CIV. P. 59(e). Such a motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The rule offers an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000).

## ANALYSIS

Defendant argues the Court committed clear error in finding the record did not contain affirmative evidence of malingering that would negate the ALJ's duty to provide clear and convincing reasons for discounting the claimant's subjective symptom complaints. ECF No. 17. Defendant asserts in the current context "affirmative" evidence "means active and explicit, not persuasive, well-supported or unassailable," and faults the Court for evaluating the reliability of Dr. Leonard-Pagel's evaluation in context of the remainder of the record. *Id.* at 3-4.

The Court finds no clear error. Defendant offers no support for his assertion that the Court is not to consider the persuasiveness of the evidence in considering whether there is affirmative evidence of malingering. While Defendant points to an unpublished Ninth Circuit case that found affirmative evidence of malingering based on a rule-out diagnosis, the case in question specifically noted the diagnosis was made by more than one doctor and also noted the record included "three

instances in which [the claimant's] symptoms disappeared after arriving at the emergency room with her son." *Mohammad v. Colvin*, 595 Fed. App'x 696, 697-98 (9th Cir. 2014). The Court can find no support for the notion that courts may not look beyond the appearance of the word "malingering" in a diagnostic report to consider whether such a diagnosis is affirmative evidence of the condition. On the contrary, the Ninth Circuit has done just that: in *Cha Yang v. Commissioner of Social Security Administration*, the court held a doctor's notation "to R/O [rule out] malingering" was "not a clear, affirmative diagnosis that [the claimant] was actually malingering" because that doctor "failed to follow up on his suspicions and none of [the claimant's] other treating or examining doctors suggested that [the claimant] might be malingering." 488 Fed. App'x. 203, 205 (9th Cir. 2012). The Court therefore finds it did not commit clear error in evaluating Dr. Leonard-Pagel's diagnosis within the context of the greater record and finding it to be insufficient to constitute affirmative evidence of malingering.

Defendant further argues the Court erred in noting the ALJ did not rely on malingering as a basis for her rejection of Plaintiff's subjective statements. ECF No. 17 at 4-5. Defendant argues that an express finding of malingering by the ALJ is not required. *Id.* The Court notes that the Order accurately reflect the law, and the Court did not find that the ALJ was required to make such a finding. The fact that the ALJ did not find malingering to be a medically-established impairment and did not rely on Dr. Leonard-Pagel's assessment in her rejection of Plaintiff's statements are merely additional facts in support of the finding that the record does not contain affirmative evidence of malingering.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Alter Judgment, **ECF No. 17**, is **DENIED**.

///

///

///

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

**IT IS SO ORDERED.**

DATED March 10, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 4